UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0454 FMO (Ex) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Paul J. Fogarty, on his own behalf and on behalf of others similarly situated, v. Scripps NP Operating, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):
None Present                            None Present

**Proceedings:     (In Chambers) Order**

On December 16, 2015, Paul Fogarty ("plaintiff") filed a class action complaint in the Ventura County Superior Court against Scripps NP Operating, LLC and Scripps Media, Inc. ("defendants"), and Does 1 through 50, (see Dkt. 1, [Defendants'] Notice of Removal of Civil Action to Federal Court ("NOR") at ¶ 3 & Dkt. 1-1, Exhibit ("Exh.") A ("Cmpl.")), asserting various claims under California's Labor Code ("Labor Code") and Business & Professions Code. (See Dkt. 1-1, Cmpl.). On January 21, 2016, defendants removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441. (See Dkt. 1, NOR). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0454 FMO (Ex) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Paul J. Fogarty, on his own behalf and on behalf of others similarly situated, v. Scripps NP Operating, LLC, et al. | | |

Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Wash. v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

Defendants seek to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. 1332(a) rather than 28 U.S.C. 1332(d). (See Dkt. 1, NOR at ¶¶ 9-10). Defendants do not address or otherwise discuss the fact that the underlying action is a class action. (See, generally, NOR). The NOR seeks to establish only that the named plaintiff meets the jurisdictional threshold. (See, e.g., id. at ¶ 21). In class action litigation, diversity jurisdiction is established where at least one class member is diverse from the defendant and no named plaintiff is non-diverse, see Snyder v. Harris, 394 U.S. 332, 339-40, 89 S.Ct. 1053, 1058-59 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant[.]"); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007), and at least one of the named plaintiffs meets the amount in controversy requirement. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 & 566-67, 125 S.Ct. 2611, 2615 & 2625 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 [] authorize[s] supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount[.]").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have diversity jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[1] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by

---

[1] As noted above, defendants removed solely on the basis of diversity jurisdiction. (See Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0454 FMO (Ex) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Paul J. Fogarty, on his own behalf and on behalf of others similarly situated, v. Scripps NP Operating, LLC, et al. | | |

the defendant.") (footnote omitted).

There is no basis for subject matter jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332(a).[2] Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold of $75,000. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-1, Cmpl. at p. 20-21 ("Prayer for Relief")).

Defendants contend that "it is readily apparent that Plaintiff's claims establish an amount 'in controversy' in excess of the jurisdictional minimum[.]" (Dkt. 1, NOR at ¶ 23). As discussed below, this is not so apparent. With respect to plaintiff's claim for unpaid minimum wages pursuant to Labor Code § 1194, defendants assert that "assuming Plaintiff provided services for just 5.5 hours per day," such wages amount to $29,079.60, and if one assumes plaintiff delivered papers seven days a week, including Sunday, such wages would amount to $36,298.35, since plaintiff would be entitled to premium wages pursuant to Labor Code § 510. (See id. at ¶ 24(c)). However, defendants' assumptions are unreasonable as there is no basis in the Complaint or elsewhere in the record to support those assumptions. (See, generally, Dkt. 1-1, Complaint; Dkt. 1, NOR; Dkt. 1-11, Declaration of John Rotter in Support of Defendants Scripps NP Operating, LLC and Scripps Media, Inc.'s Notice of Removal ("Rotter Decl.") at ¶ 2). While it is true that Rotter's declaration states that Fogarty "services routes Monday through Sunday," there is no indication how many hours per day plaintiff worked, or whether such hours varied from week to week, or month to month. (Dkt. 1-11, Rotter Decl. at ¶ 2; see, generally, Dkt. 1-1, Cmpl.). At most, defendants speculate that plaintiff worked 5.5 per day, each day of the week. (See Dkt. 1, NOR at ¶ 24). Moreover, defendants' figure is greatly exaggerated considering the fact that plaintiff does not even assert a claim for premium pay pursuant to Labor Code § 510. (See, generally, Dkt. 1-1, Cmpl.). Defendants' unsupported assumptions also undermine their contention that plaintiff seeks liquidated damages in the amount of $36,298.35 (amount equal to his claim for unpaid wages). (See Dkt. 1, NOR at ¶ 24(d)). Under the circumstances, the court finds defendants have failed to show by a preponderance of the evidence the amount in question with respect to plaintiff's unpaid minimum wages and liquidated damages claim. Without more,

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-0454 FMO (Ex)** | Date | **February 16, 2016** |
|---|---|---|---|
| Title | **Paul J. Fogarty, on his own behalf and on behalf of others similarly situated, v. Scripps NP Operating, LLC, et al.** | | |

the court is unwilling to include plaintiff's damages for this claim in the amount in controversy. See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]") (internal quotation marks omitted) (emphasis in original).

Next, based on plaintiff's allegation that defendants failed to provide plaintiff with meal and rest breaks, defendants assert that plaintiff is seeking at least $3,524.80, assuming that he missed "just two meal periods and not authorized and permitted to take just two rest periods per week[.]" (Dkt. 1, NOR at ¶ 25). However, defendants provide no evidence to support such an assumption. As discussed above, there is nothing in the Complaint or the record that indicates how many hours per day plaintiff worked, whether plaintiff worked enough hours to even be entitled to a meal break, or whether plaintiff worked the same number of hours every day. See, e.g., Jimenez v. Menzies Aviation, Inc., 2013 WL 1411228, *3 (N.D. Cal. 2013) ("[T]he Court cannot credit Defendants' speculative damages estimate" where they "failed to provide evidence supporting their assertion" that plaintiff was entitled to one hour of overtime per day, five days a week.); Willis v. Xerox Bus. Servs., LLC, 2013 WL 6053831, *5 (E.D. Cal. 2013) ("Defendants have not explained why it is proper to assume Plaintiff seeks 15 hours a week in overtime[.] . . . [T]his is insufficient."). Thus, the court will disregard this amount.

Moreover, even accepting defendants' additional contentions regarding plaintiff's potential ability to collect $2,150 and $1,485 for defendants' alleged failure to provide accurate wage statements pursuant to Labor Code § 226, and failure to pay all compensation upon termination in violation of Labor Code §§ 201-203, (see Dkt. 1, NOR at ¶¶ 26-27), such amounts are too insubstantial to meet the jurisdictional threshold. See 28 U.S.C. 1332(a).

Finally, defendants rely on the fact that plaintiff seeks attorney's fees. (See Dkt. 1, NOR at ¶ 29). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0454 FMO (Ex) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Paul J. Fogarty, on his own behalf and on behalf of others similarly situated, v. Scripps NP Operating, LLC, et al. | | |

Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109 at *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendants provide no evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, Dkt. 1, NOR). Defendants have not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded under the circumstances here that defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Ventura, 800 S. Victoria Ave., Ventura, CA 93009, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer        vdr